UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

ALEJANDRO DE RENZIS, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

AIRPORT CONCESSIONS GROUP, INC., a Florida Corporation,
and GLOBAL CONCESSIONS, INC., a Florida Corporation,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, ALEJANDRO DE RENZIS (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2. Defendants, AIRPORT CONCESSIONS GROUP, INC., a Florida Corporation, and GLOBAL CONCESSIONS, INC., a Florida Corporation, a/k/a GLOBAL MIAMI JOINT VENTURE (collectively referred to as "Defendants" and "GLOBAL MIAMI JOINT VENTURE"), have at all times material to this Complaint owned and/or operated restaurants in Miami-Dade County, Florida including but not necessarily limited to the "Islander Bar and Grill and "Café Versailles" at the Miami International Airport.

3. At all times material to this Complaint, Defendants, AIRPORT CONCESSIONS GROUP, INC. and GLOBAL CONCESSIONS, INC., a/k/a GLOBAL MIAMI JOINT VENTURE, directly or indirectly, acted in the interest of an employer toward Plaintiff and the other similarly situated employees, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and the other employees similarly situated

1

to him. Alternately, Defendants, AIRPORT CONCESSIONS GROUP, INC. and GLOBAL CONCESSIONS, INC., a/k/a GLOBAL MIAMI JOINT VENTURE, and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff and the other similarly situated employees because each, respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to Plaintiff and the others similarly situated to him. As a second alternative, Defendants, AIRPORT CONCESSIONS GROUP, INC. and GLOBAL CONCESSIONS, INC., a/k/a GLOBAL MIAMI JOINT VENTURE, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because they commonly controlled the terms of compensation and employment of Plaintiff and the other similarly situated employees because Defendants are not completely disassociated with respect to the terms of compensation and employment of Plaintiff and the others similarly situated to him. As a final alternative, Defendants, AIRPORT CONCESSIONS GROUP, INC. and GLOBAL CONCESSIONS, INC., a/k/a GLOBAL MIAMI JOINT VENTURE, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, directly or indirectly acted in the interest of an employer toward Plaintiff and the other similarly situated employees at all material times to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and the others similarly situated to him.

4. Plaintiff brings this action on behalf of himself[1] and other current and former employees of Defendants similarly situated to Plaintiff who have worked as salaried "Assistant Managers," "Senior Assistant General Managers," and other restaurant employees, however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable

---

[1] Attached hereto is a signed Consent to Join of ALEJANDRO DE RENZIS.

attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b). It is the intent of this collective action to apply to all similarly situated employees of Defendants regardless of location.

5. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

6. All of the events, or a substantial part of the events, giving rise to this action, occurred in Miami-Dade County, Florida within the jurisdiction of the United States District Court for the Southern District of Florida.

7. At all times material to this Complaint including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, AIRPORT CONCESSIONS GROUP, INC. and GLOBAL CONCESSIONS, INC. a/k/a GLOBAL MIAMI JOINT VENTURE, have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including during the years 2017, 2018, 2019, and 2020, AIRPORT CONCESSIONS GROUP, INC. and GLOBAL CONCESSIONS, INC., a/k/a GLOBAL MIAMI JOINT VENTURE, have employed two (2) or more employees who, *inter alia*, have regularly: (a) handled, worked with, and sold food and beverages including but not limited to beef, pasta, fish, eggs, shrimp, chicken, pork, vegetables (such as tomato, onion, lettuce) corn, tortillas, rice, salsa, guacamole, salsa, sodas, juices, iced tea, beer, and liquor (in one location); (b) handled and worked with cooking equipment such as grills and refrigerators which were all goods and/or materials moved in or produced for commerce; (c) handled and worked with computers, telephones, papers, pens, and other supplies and materials in the operation of Defendants' restaurant business, all of which were goods and/or materials moved in or produced for commerce; and (d) processed and participated in credit card

3

and electronic bank transactions in interstate commerce.

8.     Based upon information and belief, the annual gross sales volume of AIRPORT CONCESSIONS GROUP, INC. and GLOBAL CONCESSIONS, INC., individually and/or collectively, a/k/a GLOBAL MIAMI JOINT VENTURE, has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020.

9.     At all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, AIRPORT CONCESSIONS GROUP, INC. and GLOBAL CONCESSIONS, INC., a/k/a GLOBAL MIAMI JOINT VENTURE, have constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10.    During the three (3) year statute of limitations period between approximately late January 2017 and October 2018, Plaintiff worked for Defendants in the job titles known as "Assistant Manager" followed by "Senior Assistant General Manager," based upon gross weekly wages for Forty (40) hours of work as follows:  (a) $934.60 per week between late January 2017 and approximately mid-September 2018; and (b) $969.60 per week between approximately mid-September 2018 and October 2018.

11.    In numerous work weeks during the three (3) year statute of limitations period between approximately late January 2017 and October 2018, Plaintiff worked for Defendants in the job titles known as "Assistant Manager" followed by "Senior Assistant General Manager," with Plaintiff's primary duties throughout his employment consisting of the following non-exempt tasks:  (a) doing prep work and cooking for the restaurant; (b) running food and working at the expo window of the kitchen/restaurant; (d) working as a host for the restaurant and working the

4

same restaurant stations as line employees; (d) receiving and stocking merchandise; (e) cleaning tables while also sweeping and mopping the floors; and (f) ministerial clerical work such as completing "logs" in forms established and required by Defendants.

12. The additional persons who may become Plaintiffs in this action are GLOBAL MIAMI JOINT VENTURE's current and former salaried "Assistant Managers," "Senior Assistant General Managers," and other restaurant employees, however variously titled, who have worked for Defendants in one or more weeks between January 2017 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for GLOBAL MIAMI JOINT VENTURE.

13. During the three (3) year statute of limitations period between approximately late January 2017 and October 2018, Plaintiff regularly worked in excess of Forty (40) hours per week for Defendants while performing non-exempt work in the job titles known as "Assistant Manager" followed by "Senior Assistant General Manager."

14. Likewise, the other employees of GLOBAL MIAMI JOINT VENTURE who are similarly situated to Plaintiff have regularly worked as salaried "Assistant Managers," "Senior Assistant General Managers," and other restaurant employees, however, variously titled, in excess of Forty (40) hours in one or more work weeks for Defendants within the three (3) year statute of limitations period between January 2017 and the present.

15. However, GLOBAL MIAMI JOINT VENTURE has failed to pay time and one-half wages for the overtime hours worked by Plaintiff and the other similarly situated salaried "Assistant Managers," "Senior Assistant General Managers," and other restaurant employees, however variously titled, for all of their actual overtime hours worked within the three (3) year statute of limitations period, with Defendants instead paying salaried wages for Forty (40) hours

per week without time and one-half compensation for the overtime hours worked between January 2017 and the present by Plaintiff and the other similarly situated employees.

16. During the three (3) year statute of limitations period between January 2017 and the present, GLOBAL MIAMI JOINT VENTURE has misclassified Plaintiff and the other salaried "Assistant Managers," "Senior Assistant General Managers," and other restaurant employees, however variously titled, similarly situated to Plaintiff as "exempt" from the overtime compensation requirements of the FLSA despite their primary job duties being non-exempt in nature.

17. The primary job duties performed by Plaintiff and the other similarly situated salaried "Assistant Managers," "Senior Assistant General Managers," and other restaurant employees, however variously titled, for GLOBAL MIAMI JOINT VENTURE between January 2017 and the present *did not* involve the exercise of independent judgment nor were their primary duties administrative tasks that involved exercising discretion for Defendants' general business operations.

18. Likewise, the primary duties and work performed by Plaintiff and the other similarly situated salaried "Assistant Managers," "Senior Assistant General Managers," and other restaurant employees, however variously titled, for GLOBAL MIAMI JOINT VENTURE between January 2017 and the present have required little skill and no capital investment, as these duties *did not* substantially include managerial responsibilities or the exercise of independent judgment with respect to matters of significance in the operation of Defendants' administration or production operations.

19. Instead, Plaintiff and the other similarly situated salaried "Assistant Managers," "Senior Assistant General Managers," and other restaurant employees, however variously titled,

have devoted the majority of their working time for Defendants within the three (3) year statute of limitations period between January 2017 and the present to performing manual labor and other ministerial restaurant tasks as well as clerical tasks for GLOBAL MIAMI JOINT VENTURE.

20. Finally, the primary duties of Plaintiff and the other similarly situated salaried "Assistant Managers," "Senior Assistant General Managers," and other restaurant employees, however variously titled, for Defendants during the three (3) year statute of limitations period between January 2017 and the present *was not* management of any department(s), subdivision(s), or job site(s) of GLOBAL MIAMI JOINT VENTURE, and Plaintiff and the other salaried "Assistant Managers," "Senior Assistant General Managers," and other restaurant employees, however variously titled, had no authority for and did not regularly interview, hire, discipline, or fire employees of GLOBAL MIAMI JOINT VENTURE.

21. During the three (3) year statute of limitations period between approximately late January 2017 and October 2018, Plaintiff regularly worked an average of approximately Five (5) days per week with start times of approximately 12:00 p.m. and stop times of approximately 12:00 a.m. averaging approximately Sixty (60) hours per week, of which Plaintiff spent an average of approximately Eighty Percent (80%) of his working hours each day carrying out manual labor in Defendants' restaurant(s).

22. However, GLOBAL MIAMI JOINT VENTURE has failed to pay time and one-half wages for all of the hours that Plaintiff and other salaried "Assistant Managers," "Senior Assistant General Managers," and other restaurant employees, however variously titled, have worked in excess of Forty (40) hours per week for Defendants in numerous work weeks during the three (3) year statute of limitations period between approximately January 2017 and the present as required by the Fair Labor Standards Act, with GLOBAL MIAMI JOINT VENTURE instead

misclassifying Plaintiff and the other employees similarly situated to him as exempt from the FLSA's overtime compensation requirements and paying only salaried wages for Forty (40) hours of work per week.

23. Subject to discovery, based upon GLOBAL MIAMI JOINT VENTURE paying Plaintiff average gross weekly wages of approximately $950.00 per week for Forty (40) hours of work per week between approximately late January 2017 and October 2018 and Plaintiff being owed an average of approximately Twenty (20) uncompensated overtime hours per week from Defendants during a total of approximately Eighty-Five (85) work weeks, if Plaintiff's unpaid overtime wages are found to be due and owing at the time and one-half rate of $35.63/hour [$950.00/40 hours = $23.75/hour x 1.5 = $35.63/hour], Plaintiff's unpaid overtime wages total $60,562.50 [$35.63/hour x 20 OT hours/week x 85 weeks = $60,562.50], whereas if Defendants were to be able to demonstrate that the FLSA's "fluctuating workweek method," 29 C.F.R. §778.114, governs the calculation of Plaintiff's unpaid overtime wages on a half-time basis at the rate of $7.92/hour [$950.00/60 hours = $15.83/2 = $7.92/hour], Plaintiff's unpaid overtime wages total $13,468.33 [$7.92/hour x 20 OT hours/week x 85 weeks = $13,458.33].

17. Based upon information and belief, while it is believed Defendants are in possession, custody, and/or control of records of some of the hours worked by Plaintiff and the other similarly situated non-exempt dishwashers, cooks, and restaurant employees, however variously titled, between January 2017 and the present, Defendants have failed to maintain accurate records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and other similarly situated employees during each week between January 2017 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

24.     Based upon information and belief, while it is believed Defendants are in possession, custody, and/or control of records of some of the hours worked by Plaintiff and the other similarly situated salaried "Assistant Managers," "Senior Assistant General Managers," and other restaurant employees, however variously titled, between January 2017 and the present, Defendants have failed to maintain accurate records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and other similarly situated employees during each week between January 2017 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

25.     Nonetheless, Defendants had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff other similarly situated salaried "Assistant Managers," "Senior Assistant General Managers," and other restaurant employees, however variously titled, during each week between January 2017 and the present but Defendants willfully failed to compensate Plaintiff and the other similarly situated employees for all of their actual overtime hours worked for Defendants, instead accepting the benefits of the work performed by Plaintiff and other employees without the overtime compensation required by the FLSA, 29 U.S.C. §207.

26.     The complete records reflecting the compensation paid by GLOBAL MIAMI JOINT VENTURE to Plaintiff and all other similarly situated salaried "Assistant Managers," "Senior Assistant General Managers," and other restaurant employees, however variously titled, at any location between January 2017 and the present are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

27.     Plaintiff, ALEJANDRO DE RENZIS, readopts and realleges the allegations

9

contained in Paragraphs 1 through 26 above.

28. Plaintiff is entitled to be paid time and one-half of his applicable regular rates of pay for each hour he worked for GLOBAL MIAMI JOINT VENTURE as a non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately January 2017 and October 2018.

29. All similarly situated non-exempt salaried "Assistant Managers," "Senior Assistant General Managers," and other restaurant employees, however variously titled, of GLOBAL MIAMI JOINT VENTURE are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants at any location but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between January 2017 and the present.

30. GLOBAL MIAMI JOINT VENTURE has knowingly and willfully failed to pay Plaintiff and the other non-exempt salaried "Assistant Managers," "Senior Assistant General Managers," and other restaurant employees, however variously titled, similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between January 2017 and the present.

31. At all times material to this Complaint, GLOBAL MIAMI JOINT VENTURE had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff and other salaried "Assistant Managers," "Senior Assistant General Managers," and other restaurant employees, however variously titled, with time and one-half wages for all of their actual overtime hours worked between January 2017 and the present based upon, *inter alia*, Defendants: (a) failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff and the other employees; and (b) knowingly failing to

pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees, and instead failing to pay time and one-half wages for the overtime hours that GLOBAL MIAMI JOINT VENTURE knew had been worked for the benefit of Defendants.

32. By reason of the said intentional, willful and unlawful acts of GLOBAL MIAMI JOINT VENTURE, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

33. Based upon information and belief, at all times material to this Complaint, GLOBAL MIAMI JOINT VENTURE did not have a good faith basis for its failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated salaried "Assistant Managers," "Senior Assistant General Managers," and other restaurant employees, however variously titled, as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

34. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

35. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, ALEJANDRO DE RENZIS and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, AIRPORT CONCESSIONS GROUP, INC. and GLOBAL CONCESSIONS, INC., a/k/a GLOBAL MIAMI JOINT VENTURE, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of

suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  January 31, 2020	Respectfully submitted,

By:	**KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone:  (305) 901-1379
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **Airport Concessions Group, Inc. and Global Concessions, Inc., all a/k/a Global Miami Joint Venture**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*Alejandro De Renzis*
Alejandro De Renzis (Jan 31, 2020)

**Alejandro De Renzis**